# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:06-CR-00274-KJD-LRL |
| v. | **ORDER** |
| EDMUND C. BOTHA, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Release Pending Appeal (#134). The Government filed a response in opposition (#135) to which Defendant replied (#136).

I.  Background

On September 15, 2008, Defendant was convicted of one count of Evasion of Payment of Income Taxes, in violation of 18 U.S.C. § 7201. Defendant was sentenced ten (10) months later on July 15, 2009, to sixty (60) months imprisonment, the maximum time allowed under the statute. Defendant reported to the Bureau of Prisons to begin his sentence on January 5, 2010.

Defendant filed an appeal of his conviction raising one issue: whether the Court should have given Defendant's proposed "willfulness" instruction which Defendant describes as his theory of the case. Defendant has now filed the present motion for release pending appeal.

II.  Standard

Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing.  18 U.S.C. § 3143(b).  To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."  United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985); 18 U.S.C. § 3143(b)(A) &(B)(1998); Fed. R. Crim. P. 46(c); Fed. R. App. P. 9(c).

III.  Analysis

The parties only contest whether Defendant's appeal has raised a substantial question of law or fact.  A "substantial question" is defined as a question that is "fairly debatable", or "fairly doubtful" —and has been described as a question "of more substance than would be necessary to a finding that it was not frivolous."  Id. (citations omitted).  In Handy, the Ninth Circuit noted that the term "'substantial' defines the *level of merit* required in the question presented" and the phrase "'likely to result in reversal [or] and order for a new trial' defines *the type of question* that must be presented."  United States v. Handy, 761 F.2d at 1280 (emphasis in original).

Here, the Court must deny the motion because Plaintiff has not raised a question that is fairly debatable or fairly doubtful.  While Defendant is entitled to an instruction on his theory of the case, Defendant is "not entitled to [his] preferred wording of the instruction.  A court may reject portions of a proposed theory of defense that merely rephrase explanations of the law adequately covered elsewhere in the instruction."  United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994).  The Court's instructions adequately covered Defendant's proposed theory of defense.  Accordingly, the Court denies Defendant's motion.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Release Pending Appeal (#134) is **DENIED**.

DATED this 31st day of January 2011.

_____
Kent J. Dawson
United States District Judge