**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| UNITED STATES OF AMERICA, | Case No. 2:06-cr-00274-KJD-LRL |
|---|---|
| Plaintiff, | 2:13-cv-01824-KJD-LRL |
| v. | **ORDER** |
| EDMUND C. BOTHA, | |
| Defendant. | |

Before the Court is Movant Edmund C. Botha's ("Botha") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#147). Also before the Court are Botha's Motions for Appointment of Counsel (#148/#149).

<u>I.  Background</u>

On September 25, 2008, Botha was found guilty of willful evasion of payment of income tax under 26 U.S.C. § 7201.  This Court sentenced him to 60 months in prison on July 17, 2009. Botha filed a direct appeal on July 17, 2009, appealing both his conviction and sentence.  The Ninth Circuit Court of Appeals affirmed this Court's judgment on March 2, 2012.  Botha filed a petition for a writ of certiorari with the Supreme Court of the United States on July 18, 2012. The Supreme Court of the United States denied Botha's petition for a writ of certiorari on October 1, 2012.  Botha filed the present motion on October 4, 2013.

///

///

///

II. Standard of Review

28 U.S.C. § 2255 allows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  However, the Ninth Circuit has repeatedly held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent [§] 2255 proceeding." United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979); Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972); Stein v. United States, 390 F.2d 625, 626 (9th Cir. 1968).

III. Analysis

Botha's § 2255 motion consists of several claims:  (1) the Court's failure to read to the jury Botha's instruction as to the *mens rea* requirement of willfulness violated Botha's 5th Amendment right to present his theory of defense; (2) Botha's conviction should be reversed as prosecution repeatedly made untrue statements in opening and closing arguments and during the main body of the case; (3) Botha's 5th Amendment Due Process rights were violated by the prosecutions' supposed "loss" and failure to turn over key, critical evidence; (4) the Court imposed an unreasonable sentence for failing to consider all the circumstances unique to Botha's situation; and (5) the Court failed to grant a reduction of sentence for Botha's acceptance of responsibility.  (#147 at 5-8).   The Court will address each claim in turn.

A.  Botha's Theory of Defense Claim

Botha claims that his ability to argue his theory of defense was deprived when the Court refused to provide his requested jury instruction regarding "willfulness."  However, the Ninth Circuit, on direct appeal, already rejected Botha's claim that his ability to argue his theory of defense was deprived when the Court refused to provide his requested jury instruction regarding "willfulness."  United States v. Botha, 470 F. App'x 575, 576-77 (9th Cir. 2012).  The Court of

Appeals held that (1) the instructions were adequate; (2) that the Court provided a legally correct definition of the term "willfully", as well as a "good faith" instruction in substantially the same form Botha requested; and (3) read together, the instructions adequately covered Botha's defense theory.  Id. at 577.  Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is not reviewable.

### B.  Botha's Prosecutorial Misconduct Claim

Botha next claims that the prosecution engaged in misconduct by repeatedly lying about Botha's unpaid taxes in opening and closing arguments and in the main body of the case.  However, the Ninth Circuit, on direct appeal, already rejected Botha's claim that the prosecution engaged in misconduct by repeatedly lying in opening and closing arguments and in the main body of the case.  Id.  The Court of Appeals held that the comments made by the prosecution, read in context of the entire case, did not affect the jury's ability to consider the evidence fairly such that it deprived Botha of a fair trial.  Id.  Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is not reviewable.

### C.  Botha's "Loss" of Exculpatory Evidence Claim

Botha asserts in his third claim that the government lost and/or destroyed potentially exculpatory evidence.  However, the Ninth Circuit, on direct appeal, already rejected Botha's claim that the government misplaced or destroyed potentially exculpatory evidence.  Id.  The Court of Appeals held that the record contains no evidence of bad faith destruction and that such evidence was either accidentally misplaced or destroyed for innocent reasons.  Id.  Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is not reviewable.

### D.  Botha's Unreasonable Sentence Claim

Botha's fourth claim asserts that the Court imposed an unreasonable sentence for failing to consider all the circumstances unique to Botha's situation.  However, the Ninth Circuit, on

1  direct appeal, already rejected Botha's claim that the Court imposed an unreasonable sentence
2  for failing to consider all the circumstances unique to Botha's situation. Id. at 578. The Court of
3  Appeals held that the Court correctly calculated a guideline sentence and reached a conclusion
4  reasonably supported by the circumstances. Id. Since review under § 2255 is not available to
5  claims that have been previously rejected on their merits on direct appeal, this claim is not
6  reviewable.

### E.  Botha's Reduction of Sentence Claim

Botha's final claim asserts that the Court failed to grant a reduction of sentence for Botha's acceptance of responsibility. However, the Ninth Circuit, on direct appeal, already rejected Botha's claim that the Court failed to grant a reduction of sentence for Botha's acceptance of responsibility. Id. The Court of Appeals held that the Court correctly focused on Botha's pretrial conduct in denying the reduction. Id. Since review under § 2255 is not available to claims that have been previously rejected on their merits on direct appeal, this claim is not reviewable.

### F.  Botha's Motions for Appointment of Counsel

An indigent petitioner seeking relief under 28 U.S.C. § 2255 may move the court for appointment of representation to pursue that relief. 18 U.S.C.A. § 3006A(a)(2)(B). The court has discretion to appoint counsel when the interest of justice so requires. 18 U.S.C.A. § 3006A(a)(2). The interest of justice so requires where the complexities of the case are such that denial of counsel would amount to a denial of due process. See Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Here, the Court has reviewed the documents and pleadings on file in this matter and finds that appointment of counsel is not warranted. Although the claims raised in Botha's underlying § 2255 may be complex, denial of counsel would not deprive Botha of due process. The Ninth Circuit, on direct appeal, already rejected all of Botha's § 2255 claims on their merits. Thus, Botha was afforded due process in regards to all the claims raised in the present motion.

Therefore, the Court finds that Botha is not entitled to appointed counsel.

III.  Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Botha's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#147) is **DENIED**;

**IT IS FURTHER ORDERED** that Botha's Motions for Appointment of Counsel (#148/#149) are **DENIED**.

DATED this 7th day of July 2014.

_____
Kent J. Dawson
Senior United States District Judge